UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kathryn Hall,<br>Plaintiff,<br><br>v.<br><br>Aileron Management, LLC; Residence Inn<br>by Marriott, LLC; and Marriott<br>International, Inc.,<br>Defendants. | CASE NO.: ___2:26-cv-2145-DCN-SVH___<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notice of the Right to Sue was received from EEOC on or about March 6, 2026.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendants own and operate a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Kathryn Hall, is a citizen and resident of Dorchester County, South Carolina.

6.  The Defendant, Aileron Management, LLC, is upon information and belief, is a foreign corporation organized in the State of Delaware, and operating under the laws of the State of South Carolina located in this judicial district.

7.  The Defendant, Residence Inn by Marriott, LLC, is upon information and belief, is a foreign corporation organized in the State of Delaware, and operating under the laws of the State of South Carolina located in this judicial district.

8.  The Defendant, Marriott International, Inc., is upon information and belief, is a foreign corporation organized in the State of Delaware, and operating under the laws of the State of South Carolina located in this judicial district.

9.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

10. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e; and §101(5) (a) of the ADA U.S.C. Sec. 12111 (5) (A).

12. The Defendants are an industry that affects commerce within the meaning of the Title VII; the Americans with Disabilities Act.

13. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

14. On or about June 1, 2025, Plaintiff began working for the Defendants as a front desk clerk.  At all times, the Plaintiff was efficient and effective in her work.

15. In or about August 25, 2025, Plaintiff broke her foot and was placed out of work by her treating physician.

16. The Plaintiff notified her General Manager, Shawanna, and she was then placed on short-term disability leave.

17. Plaintiff has suffered from a medical disability. Plaintiff is an individual with a "disability," or is a person perceived to have a disability, within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

18.  On or about October 8, 2025, the Plaintiff sent a doctor's note to Shawanna, letting her know that she could return to work on or about November 24, 2025.

19. Upon Plaintiff's return to work, she found out that she was terminated on or about October 25, 2025.

20. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

21. Plaintiff is a "qualified individual with a disability," or is a person perceived to have a disability, as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job in Defendants' employment, and who requested reasonable accommodation.

22. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on her disability.

23. As a direct and proximate result of Defendants' discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Plaintiff's employment discrimination as alleged above.

25. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

26. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed her essential and fundamental job functions.

27. Plaintiff informed Defendants of her disability and required accommodation. Plaintiff requested accommodation and medical leave due to her disability.  Defendants denied Plaintiff's request for accommodation and terminated Plaintiff's position and caused her to lose pay and benefits, including but not limited to health benefits, in retaliation for her medical disability.

28. Defendants, their agents and employees, without just cause refused to provide accommodation to Plaintiff due to her medical disability and continues to refuse to employ Plaintiff forcing her to lose pay and all of her benefits in violation of the Americans with Disabilities Act.

29. The acts and conduct of Defendants set forth above were against public policy and were conducted in bad faith.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.  Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

31. As a direct and proximate result of the acts and practices of Defendants in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

32. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

33. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability, or perceived to have a disability, which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

34. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

35. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

36. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

37. Defendant denied Plaintiff's request for reasonable accommodation and has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for employment.

38. Based on Plaintiff's disability and request for accommodation, Defendants retaliated against Plaintiff in her employment, in violation of the Act.

39. Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

40. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

41. That as alleged above, Plaintiff informed the Defendants of her disability, or perceived disability, and requested accommodation.

42. That Plaintiff's complaints were made in good faith and constituted protected activity under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

43. That shortly after informing the Defendants of Plaintiff's disability, or perceived disability, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

44. The Defendants stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

45. The Plaintiff's request for accommodation was a determining factor in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's request for accommodation, she would not have been terminated.

46. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

47. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

48. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

49. The Defendants violated §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

50. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

51. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

### **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendants as follows:

1.    Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2.    An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3.    Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4.    An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.    An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6.    An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7.    For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Charles W. Neely*

Charles W. Neely (Fed. I.D. #12913)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

June 1, 2026
North Charleston, South Carolina